**F I L E D**

**UNITED STATES COURT OF APPEALS**

**June 15, 2006**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

DAVID RAY KEEBLE,

      Defendant-Appellant.

No. 05-5190
(District of Oklahoma)
(D.C. No. 03-CR-138-001-TCK)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

## I.    INTRODUCTION

Defendant David R. Keeble pleaded guilty to one count of possession of a firearm and ammunition after former conviction of a felony. The United States District Court for the Northern District of Oklahoma sentenced Keeble to a term of 115 months' imprisonment, the high end of the applicable guidelines range. Keeble appeals his sentence, alleging it is unreasonable because it is longer than

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

necessary to effectuate the purposes set out in 18 U.S.C. § 3553(a). We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and **affirm** the sentence imposed by the district court.

## II.    BACKGROUND

On November 2, 2002, police officers in Collinsville, Oklahoma observed a vehicle with a defective tag light cross the center line of the roadway. The officers activated their emergency lights and stopped the vehicle. Appellant Keeble was a passenger in the vehicle. When Keeble opened the passenger door, the officers observed a firearm on the floor between the passenger seat and the door. The officers discovered additional firearms when they searched the vehicle; it was later determined that three of the weapons belonged to Keeble. The officers conducted a records check and determined Keeble had two outstanding warrants. Further investigation revealed Keeble had been convicted of first-degree rape and oral sodomy in Oklahoma in 1980, first-degree manslaughter in Oklahoma in 1988, and possession of a firearm after former conviction of a felony in Oklahoma in 1999.

Keeble was charged with and pleaded guilty to possession of firearms and ammunition after former conviction of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). A probation officer prepared a Presentence Investigation Report ("PSR") in the case. Applying relevant sections of the United States Sentencing Guidelines ("USSG" or "Guidelines"), the PSR determined Keeble's

total offense level was twenty-three. It assigned seventeen criminal history points to Keeble, which placed him in a criminal history category of VI. Based on an offense level of twenty-three and a criminal history category of VI, the applicable guidelines range was 92 to 115 months' imprisonment.

Keeble did not dispute any of the factual statements in the PSR and did not argue the probation officer erred in calculating the applicable guidelines range. At sentencing, however, he asked the district court to run his federal sentence concurrent with the sentence he anticipated receiving in a pending Oklahoma state case. The Government requested the court to run the sentences consecutively and to sentence Keeble to the maximum possible term of incarceration. The district court imposed a 115-month sentence, the high end of the applicable guidelines range, and ordered the sentence to run consecutive to the sentence imposed in the pending state case. The court recommended Keeble be placed in a facility offering a drug-treatment program and a sex-offender program.

## III.   DISCUSSION

In this appeal, Keeble does not challenge the calculation of the guidelines range or the imposition of a consecutive sentence, but argues the 115-month sentence imposed by the district court is unreasonable because it is greater than necessary to accomplish the purposes set forth in 18 U.S.C. § 3553(a). This court reviews district courts' sentencing decisions for reasonableness. *United States v.*

*Booker*, 543 U.S. 220, 260-61 (2005). Under this standard, a sentence will not be reversed if the record demonstrates the sentence was "reasoned and reasonable." *United States v. Contreras-Martinez*, 409 F.3d 1236, 1241 (10th Cir. 2005) (quotation omitted). Because Keeble's sentence fell within the applicable guidelines range, it is presumptively reasonable. *United States v. Kristl*, 437 F.3d 1050, 1055 (10th Cir. 2006). It is Keeble's burden to "rebut this presumption by demonstrating that the sentence is unreasonable in light of the other sentencing factors laid out in [18 U.S.C.] § 3553(a)." *Id*.

Under § 3553(a)(1), the district court is required to consider the nature and circumstances of the offense of conviction and the history and characteristics of the defendant. Keeble argues the nature of the offense does not justify a sentence at the high end of the guidelines range. He asserts he did not brandish any of the firearms found in the vehicle or use them during the commission of another crime. He also argues his criminal history cannot support the maximum guidelines sentence because it was also used to elevate his offense level and calculate his criminal history. According to Keeble, the 115-month sentence was greater than necessary to afford adequate deterrence to criminal conduct, protect the public from future crimes, and provide him with training, medical care, or correctional treatment. *See* 18 U.S.C. § 3553(a)(2). He maintains all of these

objectives could be accomplished by a sentence at the low end of the applicable guidelines range.

Having fully considered Keeble's arguments, we agree with the Government that he has failed to rebut the presumption the sentence imposed by the district court was reasonable. The record demonstrates Keeble is extremely violent and has an extensive criminal history spanning a twenty-six-year period. Keeble has been convicted of rape, manslaughter, and sexually abusing a minor child. He has twice been convicted in Oklahoma state court of firearms violations and the instant conviction also involved a firearms offense. Further, Keeble committed the instant offense less than two years after release from state imprisonment. Keeble's seventeen criminal history points are four points higher than the thirteen points needed to elevate him to the highest criminal history category set out in the Guidelines. We are convinced it was reasonable for the district court to conclude the 115-month sentence was not greater than necessary to accomplish the purposes set out in 18 U.S.C. § 3553(a)(2), including promoting respect for the law, affording adequate deterrence to criminal conduct, and protecting the public from further criminal conduct.

## III. CONCLUSION

For the reasons stated above, the sentenced imposed by the United States District Court for the Northern District of Oklahoma is **affirmed**.